ODOM, Justice.
 

 This is an action for damages. Defendant excepted to plaintiff’s petition on the ground that it set out no cause of action. This exception was overruled by the trial court, but when the case was called for trial before a jury, the defendant objected to the introduction of any testimony on the ground that no cause of action was alleged. This objection was sustained and plaintiff’s suit was ordered dismissed. Plaintiff appealed from this ruling and carried her case to the Court of Appeal, Parish of Orleans, where the ruling of the trial court was affirmed., See opinion reported in 154 So. 58, 60.
 

 Plaintiff applied to this court for writs, which were granted, and the case is now before us for review.
 

 As a cause of action plaintiff alleged that defendant, which is a corporation, owns a chain of drug stores in New Orleans from each of which it sells drugs, including carbolic acid, which is a deadly poison; that plaintiff’s daughter ordered by telephone from one of these drug stores carbolic acid and directed that it be delivered at her residence ; that a clerk in the drug store sent the poison by a man of full age employed by de
 
 *920
 
 fendant to deliver packages and that the package containing the poison was delivered by the deliveryman to the plaintiff’s daughter in person; that her daughter, over twenty-one years of age, was demented, simpleminded, idiotic, irresponsible, and for that reason did not know the deadly quality of the drug, and “being ignorant of its deadly quality and being demented and irresponsible, drank same, not knowing the fatal result that would follow and in consequence thereof died”; that her said daughter suffered intensely as a result of drinking the poison, and that “your petitioner is entitled to recover damages for the pain and suffering experienced by her said daughter, in the sum of $2500.00 and for the loss of the love, companionship and affection which your petitioner has experienced as a result of the death of said daughter, she should recover the further sum of $7500.00”; that she had the same love and affection for her, afflicted daughter “as any mother has for her child, and was deeply shocked and grieved by the untimely death of her daughter.”
 

 In a brief filed in this court by counsel for defendant, we find a full and fair statement of the acts of negligence attributed by plaintiff in her petition to defendant, and for convenience we quote the same as follows:
 

 “That defendant neglected to comply with a regulation of the Board of Health of the State of Louisiana, which requires dispensers of poisons to maintain, for inspection by proper authorities, a written record of all sales of poisons;
 

 “That defendant further was guilty of negligence in failing to ask for and receive a written receipt for the carbolic acid, in violation of its own regulation and custom;
 

 “That had defendant taken the precaution of questioning plaintiff’s daughter, in order to obtain the information required to be recorded in the poison register, it would have ascertained her mental incapacity, and further, that had the boy who delivered the carbolic acid questioned plaintiff’s daughter, or required a receipt from her, he would have discovered her mental condition sufficiently to apprise him of the danger of delivering such a poison to so irresponsible a person;
 

 “That defendant’s failure to keep the poison register, as required by the regulation of the State Board of Health, and its failure also to require a receipt of defendant’s daughter, constituted acts of negligence, which were the proximate cause of the subsequent death of the daughter who drank the acid, with fatal results.”
 

 The regulation of the State Board of Health with which it is alleged defendant failed to comply is Regulation No. 35 of the Food and Drug laws of this state, and reads as follows:
 

 “All druggists and all other persons dealing in or selling poisonous substances shall keep a special book open at all times to the proper authorities, in which they shall register the name and quantity of the drug and the name and residence of the person to whom any poisonous substance is sold, and the use it is intended for, also the date of the Sale, whether Sold upon a personal acquaintance with the buyer.”
 

 If as a matter of fact plaintiff’s daughter died as the result of swallowing a
 
 *922
 
 deadly poison, she being ignorant of its effects, and if that poison went into her hands through the fault and negligence of the defendant, plaintiff is entitled to recover damages under article 2315 of the Civil Code, as amended by Act No. 159 of 1932, p. 520, which says that “every act whatever of man that •causes damage to another, obliges him by whose fault it happened to repair it.” Whatever right of action the deceased may have had against the defendant, had she survived, was transmitted by her death to her mother, and under the last paragraph of the article, the mother has a right also to recover such damages as she may have sustained.
 

 Defendant excepted to the petition on the ground that it set out no cause of action. The basis of this exception is not that plaintiff would have no right of recovery if she could show that her daughter’s death was due to the fault of defendant, but that plaintiff has not alleged facts sufficient
 
 to show
 
 that defendant was at fault.
 

 The effect of the exception is to admit all the well-pleaded facts, but not the conclusions of the pleader, and in order to determine whether the petition sets out a cause of action, the petition must be construed as a whole, in its entirety. All parts of it must be considered and given effect.
 

 So far as we are informed, the trial court submitted no written reasons for his holding that the petition sets out no cause of action. But we have before us the opinion of the Court of Appeal affirming the judgment of the lower court and the brief of counsel for defendant. We think the Court of Appeal and counsel have erred in laying too much stress on those allegations relating to defendant’s failure to properly keep a record of the sale of the carbolic acid to the deceased.
 

 The Court of Appeal said:
 

 “There was no causal connection between the death of plaintiff’s daughter and the failure of the clerk to enter in the record ■certain information which was in his possession.”
 

 Counsel for defendant quote the above in their brief and say:
 

 “However, conceding, arguendo, that defendant owed the duty to plaintiff’s daughter to keep the poison register, and that it failed to do so, this fault was not the proximate cause of the death of plaintiff’s daughter, who died as a result of her own willful act, by deliberately drinking the poison. Even though plaintiff (defendant) had complied with the food and drug regulations and had kept the register, it is evident that this would not have prevented plaintiff’s daughter’s death.”
 

 No
 
 fault can be found with the court’s conclusion that there was no causal connection between the death of plaintiff’s daughter and the failure of defendant to keep the proper record, and none can be found with counsel’s reasoning. Plaintiff alleged that the failure of defendant to keep the proper record was negligence, but that is not the only negligence charged. It is alleged that if defendant’s clerk had attempted to obtain from the now deceased daughter of plaintiff all the information which the law requires to be put into the register, especially information as to the use which she intended to make of the poison, he would necessarily have discovered, in the telephone conversation, that she was
 
 *924
 
 an idiot, a lunatic and wholly irresponsible. In other words, it is alleged, in effect, that defendant’s agent had the opportunity of learning the true facts relating .to the mental condition of plaintiff’s daughter and failed to avail himself of that opportunity. This point is made clear enough by the allegations and is highly pertinent. It is a direct charge that defendant’s agent was negligent in dispensing the drug.
 

 It will not be disputed, we think, that it was the clerk’s duty to make inquiry as to the purpose for which the drug was wanted. The Pood and Drug Law requires a druggist not only to get but to record that information, and it is alleged that had he attempted to get that information, he would have discovered that the young lady was an idiot. If that was her condition, and plaintiff alleges it was, and if defendant’s clerk could have gained knowledge of that fact through the process of getting such information as the law requires and which he was, as a druggist, in duty bound to get, his failure to get that information was a breach of duty which he owed to the imbecile daughter of plaintiff. A druggist can no more escape liability to a parent for placing a poison in the hands of an imbecile who is of age, where injury or death results from the use of it, than he could if he had placed it in the hands of an infant, if the infant had- swallowed it and died as a result.
 

 The following pertinent paragraphs are quoted from the case of Walton et al. v. Booth, 34 La. Ann. 913:
 

 “In the discharge of their functions, druggists and apothecaries, persons dealing in drugs and medicines, should be required not only to be skilful, but also exceedingly cautious and prudent, in view of the terrific consequences which may attend, as they have not unfrequently in the past, the least inattention on their part. Cooley on Torts, pp. 75, 76; 648-9.
 

 “All persons who deal with deadly poisons are held to a strict accountability for their use. The highest degree of care known among practical men must be used to prevent injury from the use of such poisons. A druggist is undoubtedly held to a special degree of responsibility, for the erroneous use of poisons, corresponding with his superior knowledge of the business. Thomas v. Winchester, 6 N. Y. 397, 57 Am. Dec. 455; Fleet v. Hollenkemp, 13 B. Mon. (Ky.) 219, 56 Am. Dec. 563; Shearman and Redfield on Neg ligenee, § 592.”
 

 In the ease of Ohio County Drug Co. v. Flora Howard, 201 Ky. 346, 256 S. W. 705, 31 A. L. R. 1355, it was held that a druggist is bound to exercise the highest degree of care in dispensing poisonous drugs.
 

 In 9 R. C. L. 704 (§ 11), after stating that druggists must be vigilant and prudent in dispensing drugs, and after stating the degree of eare required, the reason why they should be prudent and careful is given as follows:
 

 “For people trust not merely their health but their lives to the knowledge, care and prudence of druggists, and in many cases, a slight want of care is liable to prove fatal to some one. It is therefore proper and reasonable that the care required shall be proportional to the danger involved.”
 

 
 *926
 
 The same rule is expressed in almost the identical language in 19 Corpus Juris, 778, § 36.
 

 Numerous'authorities aside from the above might be cited in support of the general proposition that even in the absence of a special statutory regulation requiring druggists who dispense poisonous drugs to obtain information as to their intended use and to record the same, they are liable for such damage as may result from their negligent handling of them.
 

 Not only did plaintiff allege that defendant’s clerk . could have obtained information that plaintiff’s daughter was an imbecile had he exercised that care and prudence required of him, but it is alleged that had defendant’s agent, who delivered the package containing the drug to plaintiff’s daughter in person, exercised the proper precaution, he would have discovered that she was idiotic and irresponsible. Plaintiff sets out that the party who carried the package was an adult, that he was in a great hurry and delivered the package without taking a receipt for it, which, if he had done, as the custom is, he would necessarily have discovered her incapacity.
 

 It is suggested that it is hardly probable that the deliveryman knew the. contents of the package and therefore it was not incumbent upon him to exercise precaution. This is a matter which pertains to the evidence, and cannot be considered in determining whether the petition sets out a cause of action. An exception of no cause of action must be disposed of on the face of the petition alone without indulging in speculations as to what a plaintiff may be able to prove on the trial of the case. The test is whether plaintiff can recover if he can prove what he alleges. The exception is in effect a declara tion by the defendant that plaintiff could not recover even if he could prove all he alleges.
 

 The argument is made in defendant’s brief that this defendant owed no duty to plaintiff, and they propound the interrogatory: “Did defendant fail to perform any duty owed to plaintiff?” That is beside the question. Defendant most assuredly did owe to this allegedly irresponsible imbecile the duty of refusing to put into her hands a poisonous drug, with which she might, through ignorance of its effects, destroy herself. The question whether defendant originally owed a duty to plaintiff is not pertinent and on that point we express no opinion. The question is whether it is defendant’s duty now to respond to plaintiff in damages if she can prove all she alleges. We think it is.
 

 For the reasons assigned, the judgment of the Court of Appeal and that of the district court are reversed and set aside. And it is now ordered that the exception of no cause of action be and the same is overruled.
 

 It is further ordered that the case be remanded to the civil district court of the parish of Orleans and there reinstated on the docket to be proceeded with in due course according to law. Costs of the appeal to the Court of Appeal and the costs incurred in this court are to be paid by the defendant, appellee; all other costs to await final results.
 

 HIGGINS, J., recused.