160 So. 121

# ROME v. LONDON & LANCASHIRE INDEMNITY CO. OF AMERICA.

No. 33199.

March 4, 1935.

Henican & Carriere and C. Ellis Henican, all of New Orleans, for applicants.

Rene A. Viosca and Miller, Bloch & Martin, all of New Orleans, for respondents.

FOURNET, Justice.

This is a tort action instituted by parents for the death of their minor son who was drowned in the city park swimming pool, in the city of New Orleans, against the insurance carrier of the New Orleans City Park Improvement Association, under Act No. 55 of 1930.

The defendant filed exceptions of no cause or no right of action, based on the ground that the City Park Improvement Association, defendant's assured, is engaged in the performance of governmental functions only and,

therefore, not liable for tort. The exceptions were sustained by the lower court, and plaintiffs appealed.

The Court of Appeal reversed the judgment of the lower court and ordered the case remanded to the civil district court for the parish of Orleans for further proceedings. 156 So. 64.

On a rehearing granted by it, the Court of Appeal recalled and annulled its former decree and affirmed the judgment of the lower court. 157 So. 175.

The matter is now before us for review on writs of certiorari granted by this court.

It is the well-settled jurisprudence of this state that the powers and obligations of municipal corporations are two-fold; (1) those that are of a public nature, and (2) those that are of a private nature. Under the first classification, the city is exempt from liability for tort, and under the second classification, it is held to the same responsibility for its torts as an individual. Burton v. Salt Lake City, 69 Utah, 186, 253 P. 443, 51 A. L. R. 364; Foss v. Lansing, 237 Mich. 633, 212 N. W. 952, 52 A. L. R. 185; Solomon v. City of New Orleans, 156 La. 629, 101 So. 1; Davis v. New Orleans Public Belt R. R., 155 La. 504, 99 So. 419, 31 A. L. R. 1303; Hall et al. v. City of Shreveport, 157 La. 589, 102 So. 680; Howard v. City of New Orleans, 159 La. 443, 105 So. 443.

It is alleged in the petition that the swimming pool, in which the plaintiffs' son lost his life, was being operated at the time by the New Orleans City Park Improvement Association, a corporation organized under the

laws of the state of Louisiana, with its domicile in the city of New Orleans; that the pool was being operated by the association as a proprietary function, for profit, and in the same manner as other private swimming pools were being operated in the city of New Orleans; that a fee of 25 cents was charged to those who used the pool; and that it was through the negligence of the association's employees that the boy drowned.

■ The exception of no cause or right of action must be disposed of on the face of the petition alone, and the allegations thereof must be accepted as true. Trumbaturi v. Katz & Besthoff, Limited, 180 La. 915, 158 So. 16, 17.

■ We have carefully considered the two opinions of the Court of Appeal and we are of the opinion that the one rendered in the first instance, reported in 156 So. 64, is sound, and we follow the reasoning therein expressed. No useful purpose would be served by repeating those reasons here.

For the reasons assigned, the judgments of the Court of Appeal for the parish of Orleans and of the civil district court are reversed and set aside, and it is now ordered that the exceptions of no cause or right of action be and the same are overruled.

It is further ordered that the case be remanded to the civil district court for the parish of Orleans for further proceedings consistent with the views herein expressed; costs of appeal and the costs incurred in this court to be paid by the defendant and appellee; all other costs to await final results.

HIGGINS, J., recused.

O'NIELL, Chief Justice (concurring).

I consider it a sufficient answer to the plea which is set up in defense of this suit that the suit is brought against the insurer alone. The suit is brought on a policy of insurance against loss by reason of liability imposed upon the insured for damages on account of bodily injury or death suffered by any person not employed by the insured, and as a result of any accident. Act No. 253 of 1918, as amended by Act No. 55 of 1930, p. 122, provides that such a suit may be brought either against the insurer alone or against both the insurer and the insured jointly and in solido. The general rule that a municipal corporation is not liable for personal injuries caused by the fault or negligence of an agent of the municipality engaged in a public function is founded upon a theory which is not at all applicable to a suit against an insurer on a liability insurance policy, where no liability is sought to be or can be imposed upon the public. To argue that, under the statute, this suit is subject to "the defenses which could be urged by the insurer to a direct action brought by the insured," would be begging the question. As far as the allegations of the petition go, it appears that the very purpose of such insurance is to relieve the municipality, or municipal agency, and hence the public, of liability in such cases.