## WILKINSON v. CITY OF SHREVEPORT.*
### No. 5176.

Court of Appeal of Louisiana. Second
Circuit.

Feb. 5, 1936.

Thos. M. Comegys, Jr., and W. H.
Scheen, both of Shreveport, for appellant.

J. H. Jackson and R. H. Switzer, both
of Shreveport, for appellee.

HAMITER, Judge.

In this cause plaintiff seeks judgment in
the amount of $674.50 for the alleged con-
version by the city of Shreveport of cer-
tain sewerage and water lines claimed to
have been installed and owned by him.

He avers in his original petition substan-
tially as follows:

That petitioner, during the year 1925, in-
stalled, or caused to be installed, certain
water and sewerage lines, in what was then
the village of South Highlands, a legally
incorporated village, and that said installa-
tion was completed on or about July 20,
1925; that said installation and the ma-
terials and equipment used therein were
paid for by petitioner, and that said lines
belong to him; that on or about the 1st
day of July, 1927, the said village of South
Highlands was taken over by, incorporated
into, and became a part of, the city of
Shreveport, at which time your petitioner
still owned said water and sewerage lines;
that immediately after the incorporation of
said village of South Highlands into said
city of Shreveport, said defendant con-
verted to its own use, without petitioner's
consent, all of said water and sewerage
lines, exercised acts of ownership over
them, and has continued so to do until the
present time, and has never paid petitioner
either for the use of same or for their
value, despite petitioner's many demands
therefor; that defendant, through its de-
partment of water and sewerage, as well
as through proceedings of the commission
council, has often admitted and acknowl-
edged that petitioner was the owner of
said water and sewerage lines at the time
they were taken over by, operated, and con-
verted to the use of said defendant; that
said water and sewerage lines were valued
in the sum of $674.50; that petitioner has
repeatedly made demand upon said defend-
ant for the value of said water and sew-
erage lines so taken and converted, and
that payment has been refused.

To the original petition defendant ten-
dered an exception of vagueness, which
was sustained. Pursuant to order of court,
plaintiff filed a supplemental petition, which
substantially states as follows:

That when the city of Shreveport incor-
porated the village of South Highlands as
a part of said city of Shreveport, it took
over all the waterworks and sewerage facil-
ities of said village as they then existed,
and immediately or soon thereafter began
to furnish the citizens and residents of
said community with said utilities, to charge
and collect rentals for such service and to
exercise general supervision over the lines,
mains, and equipment necessary therefor;
that said city used petitioner's said water
and sewerage lines in so furnishing said
utilities, charged and collected rentals there-
for, and exercised general supervision and
superintendence over the same; affixed the
necessary meters, meter loops, and other
necessary connections, and attended to all
necessary things to be done to keep said
lines in a state of good repair and mainte-
nance; that said defendant has admitted
and acknowledged that petitioner was the
owner of said water and sewerage lines.

An exception of no cause or right of action was then filed by defendant to both the original and supplemental petitions. There was judgment rendered in favor of defendant sustaining the exception of no cause of action, and plaintiff has appealed.

■ For the purpose of considering the exception of no cause of action, all of the allegations of the petitions must be accepted as true.

"The exception of no cause or right of action must be disposed of on the face of the petition alone, and the allegations thereof must be accepted as true." Rome v. London & Lancashire Indemnity Co. of America, 181 La. 630, 160 So. 121, 122; Trumbaturi v. Katz & Besthoff, Ltd., 180 La. 915, 158 So. 16.

Counsel for plaintiff, both in oral argument and written brief, has described this action as one in tort, and the allegations of the petitions show it to be such. No recovery is sought on any contract, either express or implied; the only claim made being the one that a conversion of the water and sewerage lines has been committed by defendant, and that it is liable in damages for the value of the lines. The question thus presented for decision is whether or not the facts alleged in the petitions constitute, if true, an act of conversion.

The water and sewerage lines were installed by plaintiff in 1925, and for approximately two years thereafter were utilized by the village of South Highlands. They constituted a part of the utility system of that village and were operated in the interest of the residents and property owners there. In 1927, the village of South Highlands was taken over by, incorporated into, and became a part of, the city of Shreveport, and the necessity of providing water and sewerage facilities was assumed and carried on by defendant in that section just as the village had done, using the same utility system, as it then existed, which included the property of plaintiff.

■ These lines were and are stationary, being installed in the ground across private lots and along and across public streets. No attempt to remove them has been made by defendant. Thus there was no asportation or manucaption of the property; and such acts are not essential elements of conversion as plaintiff's counsel correctly contends. 26 Ruling Case Law, page 1098.

■ The original petition states that the use of plaintiff's lines was without his consent, but it does not show that he protested the action on the part of the city of Shreveport in any manner. It is possible and perhaps probable that defendant, in continuing the utility service in question which the village of South Highlands had been furnishing, did not seek and obtain the permission of plaintiff to employ his property. But under the circumstances, and particularly since the village of South Highlands had used such lines for approximately two years, apparently without objection from plaintiff, we think that the city was fully justified in carrying on this necessary public service, through the installed lines, unless specific and definite objection had been made by plaintiff. If he did not wish the defendant to have the same privilege with reference to the lines that the village had enjoyed, it was incumbent on him to protest. And as before stated, there is no allegation in either of his petitions showing that objection was made, but, on the contrary, his pleadings seem to indicate that he permitted the use of the lines and desired and sought rent therefor. In article 4 of the original petition we find:

" * * * And has never paid petitioner either *for the use of same* or for their value *despite many demands therefor.*" (Italics ours.)

Certainly an act of conversion is not committed when a person enjoys the use of an article belonging to another, and the owner, who not only fails to object but impliedly assents thereto, expects and seeks compensation for such use. We think the rule applicable to a decision of this case is found in 65 Corpus Juris, page 14, which reads as follows: "If the owner expressly or impliedly assents to or ratifies the taking, use, or disposition of his property, he cannot recover as for a conversion thereof. * * *"

Counsel for plaintiff has cited the case of Reynolds v. Reiss et al., 145 La. 155, 81 So. 884, 885. In that case the plaintiff owned a railroad switch track which defendants, more than a year before the action was brought, took possession of and used against plaintiff's protest. The property was attached to the ground, as were the water and sewerage lines in the case presently before us. The action was one for conversion, and judgment for the value of the property was sought. Defendants filed

pleas of prescription of one year, which were sustained. Plaintiff's counsel herein contends that in upholding the pleas of prescription in that case the court was bound to hold that a cause of action had been stated. Even if this contention is correct, the cases are distinguishable in that plaintiff in the Reynolds Case alleged specific protest in the following language:

"That the said New Orleans Terminal Company and the said John Reiss took possession of petitioner's switch track on November 22, 1914, in total disregard and violation of petitioner's rights, *and against his earnest protest,* and are still in the unlawful possession and use of the same." (Italics ours.)

—while in this case no such allegation of protest is made.

The case of South Memphis Land Co. v. City of Memphis, 18 Tenn.App. 142, 74 S.W.(2d) 209, 214, decided by the Court of Appeals of Tennessee and in which certiorari was denied by the Supreme Court of that state, presented a situation almost identical with the one here. That cause was brought to recover the value of sewerage lines which the plaintiff charges were wrongfully appropriated and converted to the use of the city of Memphis. In deciding the case on its merits, the court held that no conversion had been committed, and in its opinion stated:

"Then the land company claims that the city did work on the sewers, made repairs, and moved stoppage. The city admits this, but says the complainant made no objection to this, and, as it saved expense to complainant, the city had reason to believe it was satisfactory."

As previously stated, this is solely a tort action, and under the record presented we are called upon to and can only decide whether or not the allegations of the petitions disclose an act of conversion on the part of the city of Shreveport. Our position is somewhat similar to that of the court in the case of South Memphis Land Co. v. City of Memphis, supra. In its opinion, the court said:

"However, in the view we have taken of the case, it becomes, as we have said, unnecessary to decide any other question than that complainant has failed to make out a case of conversion. We can see how the owner of a sewer system in a district taken into the city might have a strong appeal in favor of compensation but the right or duty of the city to purchase such a sewer system is like the right or duty to construct sewers in an unsewered territory, largely a matter within the discretion of the city authorities. Even if a suit could be brought to compel the city to purchase sewers on the ground that, if the district annexed were without sewers, the city would be bound and could be compelled to construct them, still this is not a suit for that purpose but a suit for conversion."

Accordingly, we are of the opinion that plaintiff's original and supplemental petitions do not set forth a cause of action for conversion, and that the exception was properly sustained by the trial judge.

Judgment affirmed.