## BROOKS v. BASS et al.*
### No. 16766.

Court of Appeal of Louisiana. Orleans.

Oct. 31, 1938.

*Rehearing denied Nov. 14, 1938; writ of certiorari denied by Supreme Court Nov. 28, 1938.

· P. G. Charbonnet, Jr., and · Hubert M. Ansley, both of New Orleans, for appellant.

Miller, Bloch & Martin, of New Orleans, for appellees.

McCALEB, Judge.

The plaintiff, Dave Brooks, brought this suit seeking the recovery of $2500 for personal injuries sustained by him when he was allegedly struck by a golf ball while working on the New Orleans City Park Golf Links for the Works Progress Administration of the United States. Liability is asserted against Dr. C. C. Bass, who is said to have driven the golf ball which struck the plaintiff, the New Orleans City Park Improvement Association, the owner and operator of the City Park Golf Course, and the London & Lancashire Indemnity Company of America, the insurance carrier of the Park Association.

Exceptions of no right or cause of action were filed to the plaintiff's petition by all of the defendants.

On the hearing of these exceptions, the district judge overruled those of the defendant, Dr. Bass, and maintained those of the New Orleans City Park Improvement Association and the London & Lancashire Indemnity Company. He accordingly dismissed plaintiff's suit with respect to these two last named defendants and plaintiff has appealed from the adverse decision.

We shall first consider the exception of no right of action of the City Park Association and its insurance carrier. This plea is based upon the theory that the Park Association is a public corporation; that, as such, it operates the City Park Golf Course as a part of a governmental function and that, under the established jurisprudence, it cannot be held· responsible for its quasi offenses.

The answer to the foregoing proposition is fully covered by the opinions of the Supreme Court and of this Court in the case of Rome v. London & Lancashire Indemnity Company of America, La.App., 156 So. 64; Id.; La.App., 157 So. 175; Id., 181 La. 630, 160 So. 121, and Id., La.App., 169 So. 132. The allegations of the petition before us are substantially in accord with the plaintiff's averments in the Rome Case. Here, the plaintiff has charged, by supplemental petition, "that City Park Association, was, at the time

of the accident, set forth in the original petition, operating said Golf Course as a proprietary function for profit, and in the same manner as other private Golf Courses were and are being operated in the City of New Orleans; that a fee of fifty cents was and is being charged to those who use said Golf Course; that it was through and because of the negligence of said Association's agents, servants and employees that petitioner was injured."

The Supreme Court, in considering similar averments in the Rome Case, 181 La. 630, 160 So. 121, and in adopting the opinion of this court on original hearing in that matter (156 So. 64), held that such an allegation of fact was sufficient for the purpose of stating a right of action. True, when the Rome Case came before us on the second occasion (169 So. 132), we held that the proof adduced by the Association on the trial of the case sufficiently established the fact that it did not operate its swimming pool for profit and therefore was immune from liability. But in the instant case, we have before us only the plaintiff's allegations that the City Park Improvement Association operates the golf course for profit and, in the absence of evidence to the contrary, these averments of fact must be taken as true·on a consideration of the exception. It follows that, under the decision of the Supreme Court in the Rome Case, 181 La. 630, 160 So. 121, the petition states a right of action and that this exception was improperly sustained by the court below. Moreover,·even though it should be finally determined that the Park Association was performing a governmental function and hence is exempt from liability for torts committed by it in the exercise of that pursuit, this personal immunity could not be availed of by the Association's insurance carrier and the latter would nevertheless be responsible. See La.App., 169 So. 132.

Since we find that the district court was in error in maintaining the exception of no right of action filed by the Park Association and its insurer, we direct our attention to the exception of no cause of action which was also sustained below.

Plaintiff's petition alleges, in substance, that on Thursday, September 10, 1936, he was working for the Works Progress Administration, being particularly engaged in making a lagoon on the City Park Golf Links; that there were about 50 other men laboring upon the same project and that the portion of the golf links upon which he was compelled to work was practically in a direct line of the play over the course, there being a golf hole on each side of the lagoon. He further avers that, while he was thus situated, the defendant Bass was playing golf on the course and was seeking to drive his golf ball across the lagoon where plaintiff and many other laborers were at work; that, notwithstanding that this group of workmen were in clear view of the said Bass, the latter attempted, without warning, to drive the golf ball over or around them and that, as a result, the ball struck plaintiff causing him serious injury. Plaintiff further says that the Park Association was negligent in the premises because it permitted its golf course to be used by the public within the immediate vicinity where he and other laborers were at work when it should have anticipated that, under the circumstances obtaining at the time, the driving of golf balls over or near that part of the course would be dangerous to the life and limb of those engaged at work.

The defendants contend that the foregoing allegations are insufficient to establish fault on the part of the Park Association and that the petition, taken as a whole, discloses that the sole, direct and proximate cause of the accident was the negligence of Dr. Bass in driving his golf ball into the plaintiff without warning when the latter was in plain view.

An analysis of the averments contained in the petition reveals that plaintiff ascribes that his injuries are due to two separate and distinct acts of concurring negligence. The negligence of Bass is grounded on the fact that he carelessly drove his ball into the plaintiff without warning, whereas the City Park Association is charged with fault, having causal connection with the·accident, in that it permitted Bass to play golf over the portion of its links where the plaintiff was working when reasonable prudence demanded that it should have foreseen that· to allow use of the links, under the prevailing conditions, would render the premises unsafe for the men who were engaged at work upon the lagoon.

There can be no doubt that if the Association had anticipated that it would have been hazardous, in view of the at-

tending circumstances, to permit Bass to use the course, the plaintiff would not have been injured. It is true that golf is not an inherently dangerous game and that a golf ball is, in itself, a harmless article. But the ball driven with force by a golf stick in the hands of a player travels through the air with great velocity and in such case it becomes a dangerous instrumentality with respect to any person who might be within or near its line of flight. It must also be considered that a driven golf ball does not always follow the line of aim intended by the golf player and that even those who are expert at the game do not always attain perfection in their shots. It is therefore manifest that, under the circumstances presented by the allegations of plaintiff's petition, it should have been apparent to the Park Association that it would be hazardous to allow the public to use that portion of the course where 50 laborers were at work.

In arriving at this conclusion, we do not mean to be understood as holding that the owner of a golf course is liable in all instances to workmen who may be struck by golf balls while they are engaged in repairing the course as it is plain that the surrounding conditions of each particular case must control. Here, however, we find that, if the allegations of plaintiff's petition are true (as must be admitted for the purpose of considering the exception), a case of fault against the City Park Association, having causal connection with the accident, is made out.

Counsel for defendants also contend that, in view of the fact that the City Park Golf Course is a public place, the Association was without right or authority to prevent Dr. Bass from playing on its links provided he paid the stipulated fee. Art. 454 of the Civil ·Code and the case of Keefe v. City of Monroe, 9 La.App. 545, 120 So. 102, are cited in support of the proposition. These authorities are without application to the question here presented. The fact that a thing is public in its nature does not prevent the governing body charged with its maintenance from prohibiting the use of it while repairs are being made.

The trial court was therefore in error in sustaining the exception of no cause of action and it is hereby overruled.

For the reasons assigned, the judgment appealed from is reversed and it is now ordered that this cause be remanded to the Civil District Court for the Parish of Orleans for further proceedings according to law and consistent with the views herein expressed. Appellees to pay the cost of this appeal, other costs to await the final determination of the case.

*Reversed & Remanded.*