HARDY, Judge.
Plaintiff, alleging himself to be the owner of certain property described as being Lot No. 1 of the Vernon Annex Subdivision in the City of Shreveport, Caddo Parish, Louisiana, brought this suit seeking to recover the sum of $500 in damages alleged to have been caused his property by the acts of the defendant. Specifically plaintiff complained that the City of Shreveport “in order to. open what was thought to be Rainwater Street graded the north end of petitioner’s lot, and made a road across the north end of said lot” and that “by such grading and the washing caused thereby his lot has been damaged S(C !¡¡ SH >’
The case was tried on the merits but before judgment defendant filed an exception of no cause and no right of action which was first sustained and then on rehearing overruled by the trial judge who then found for plaintiff on the merits and gave judgment against the defendant in the sum of $100, from which judgment both plaintiff and defendant have appealed.
Defendant contends on the merits, first, that the City did not perform any grading or work of any other nature on the north end of plaintiff’s lot as alleged, and, second, that the exact location of Rainwater Street is vague and uncertain, by reason of a discrepancy in surveys, and that the burden of proof was upon plaintiff to show that the grading operation and the construction of the road as alleged actually encroached upon his property, which burden had not been adequately discharged.
We pretermit • discussion of the. above outlined defenses and the merits of the case in view of our conclusion to the effect that defendants’ exception of no cause and right of action should be sustained and plaintiff’s suit dismissed.
The exception is predicated upon the proposition that work in connection with the opening, construction and maintenance of streets is a purely govermental function and that in the exercise thereof the defendant municipality is not liable for torts resulting from the negligence of its agents and employees.
We find no need for any elaborate discussion of the legal principles upon which defendant relies since counsel for plaintiff readily admits in brief that “a city is not responsible for torts while engaged in a governmental function * *
The well settled jurisprudence of this and, so far as we can determine, practically all other states, recognizes the twofold nature of the functions of a municipal corporation. A municipality is charged with the performance of duties which are either governmental or proprietary in their nature. This division is sometimes denominated as public or private. The generally accepted rule is that a municipality is not exempt from liability for tort resulting from the exercise of powers in its proprietary or private- capacity. The rule was clearly stated by Mr. Justice Fo-urnet in the-case of Rome v. London & Lancashire Indemnity Company, 181 La. 630, 160 So. 121, 122, in these words:
“It is the well-settled jurisprudence of this state that the powers and obligations of municipal corporations are two-fold; (1) those that are of a public nature, and (2) those that are of a private nature. Under the first classification, the city is exempt from liability for tort, and under the second classification, it is held to the same responsibility for its torts as an individual. Burton v. Salt Lake City, 69 Utah 186, 253 P. 443, 51 A.L.R. 364; Foss v. Lansing, 237 Mich. 633, 212 N.W. 952, 52 A.L.R. 185; Solomon v. City of New Orleans, 156 La. 629, 101 So. 1; Davis v. New Orleans Public Belt R. R., 155 La. 504, 99 So. 419, 31 A.L.R. 11303; Hall v. City of Shreveport, 157 La. 589, 102 So. 680; Howard v. City of New Orleans, 159 La. 443, 105 So. 443.”
This distinction was recognized in Loustalot v. New Orleans City Park Improvement Ass’n, La.App., 164 So. 183, 184:
*550 “The association was and is an arm of the city of New Orleans. It is, however, well recognized that the powers and obligations of a municipal corporation are of a twofold character: (1) Those that are of a public nature, and (2) those that are of a private nature, and that, while a municipal corporation cannot be held in tort for damages resulting from its activities of a public nature, it can be held in tort for damages resulting from its activities of a private nature, that is, for financial gain. Solomon v. City of New Orleans, 156 La. 629, 101 So. 1; Hall v. City of Shreveport, 157 La. 589, 102 So. 680; Rome v. London & Lancashire Indemnity Co., 181 La. 630, 160 So. 121, 122.”
However, it is equally well recognized that there is one exception to the general rule as above enunciated. A municipality is liable in damages for injuries resulting from its failure to maintain its streets and sidewalks in a reasonably safe condition. This exception is noted, carefully analyzed and supported by numerous citations in the opinion of the late Judge Taliaferro in Clinton v. City of West Monroe, La.App., 187 So. 561 (writs refused March 6, 1939).
In the opinion Judge Taliaferro quoted from the opinion in Howard v. City of New Orleans, 159 La. 443, 105 So. 443, 445, which observed that a municipality is not liable in damages for the negligence of its agents in exercising a governmental function.
In our opinion the work undertaken by the City of Shreveport in grading Rainwater Street involved the exercise of a purely governmental function. Any error on the part of the agents or employees of the defendant municipality in exercising this governmental function did not bring this case within the exception to the general rule.
We note that the petition does not allege any negligence on the part of the defendant, its agents and employees.
For the reasons assigned the judgment appealed from is reversed and set aside and there is now judgment in favor of defendant rejecting plaintiff’s demands, at 'his cost.