ELLIS, Judge.
This case is before the Court as the result of the District Judge having referred to the merits an exception of no cause of action filed by Chrysler Corporation to a third-party petition filed against it by defendant, General Accident Fire and Life Assurance Corporation, Ltd.
Exceptors objected to the referral of their exception of no cause of action to the merits and insisted upon a definite ruling based upon the allegations and prayer of the third-party petition, i. e., either overruling or sustaining the exception.
The District Judge refused, and relators applied to this court for writs which were granted and a rule nisi issued to the respondent Judge and parties. The matter is now before us in response to the rule.
We are faced with the question of whether the respondent Judge could legally refer the exception of no cause of action to the merits in the face of exceptors’ insistence and request for a definite ruling based on the face of the petition.
■ The relator correctly urges that an exception of no cause of action must be decided upon the face of the petition and that there is no provision under the laws of the State of Louisiana for such an exception to' be referred to the merits as it does not call for the admission of any evidence nor is it at all proper to admit evidence on such an exception. Relator argues that he is entitled to have a definite ruling on this exception of no cause of action and should not be compelled to go to “the trouble and expense of a completely unnecessary trial on the merits calling for the introduction of testimony, documents and other types of evidence and, accordingly, irreparable injury would be done if the ruling referring the said exception to the merits is sustained.” Relator further points out that an exceedingly important question of procedure is involved herein and that the' Chrysler Corporation is entitled to *418 have this court rule upon the same inasmuch as the ruling of the Judge below is at complete variance with all the provisions of the Code of Practice relating to the exception of no cause of action and is in complete variance and conflict with all Louisiana practice; that the Chrysler Corporation does not have an adequate remedy by appeal from the ruling complained of for the reason that theirs is a clear legal right to have the exception of no cause of action ruled upon in advance of a trial on the merits, and unless this court should exercise its supervisory jurisdiction the ruling of the trial judge must stand and the Chrysler Corporation will be forced into a completely uncalled for and unnecessary trial on the merits without ever having had a ruling on their exception of no cause of -action.
We did not entertain the application for writs as to the merits or demerits of the exception of no cause of action. The lower court has never passed upon the merits of' the exception of no cause of action by either overruling or sustaining it. Had it done so we would not have entertained an application for writs to inquire into the correctness of such a ruling as the party cast would have a remedy by, or on, appeal.
We believe there is merit in relator’s contention that an exception of no cause of action cannot legally be referred to the merits and must be passed upon by an examination of the pleadings and either overruled or sustained. The Supreme Court of Louisiana has clearly stated its position upon the question now before this court as to the right of a court to refer an exception of no cause of action to the merits. In Lewy v. Wilkinson, 135 La. 105, 64 So. 1003, 1004, the defendant filed an exception of no cause of action which was referred to the merits. The Supreme Court, through Justice Provosty, stated:
“Defendant filed an exception-of no cause of action. This exception was referred to the merits, notwithstanding the fact that an exception of no cause of action must be disposed of on the face of the petition; that no evidence can be considered in connection with it. Said exception was well taken, and should have been sustained. * * * The trial court did not pass upon this exception at all (notwithstanding that defendant had expressly and guardedly reserved it in his answer), but décided the case upon ‘the law and the evidence.’ Defendant took no appeal from the judgment which thus overlooked this exception, and has not filed in this court any answer to the appeal. We, therefore, are not in a position to pass upon the exception, and have noticed it merely for the purpose of again calling the attention of our brethren of the trial courts to the advisability and importance of disposing of such exceptions on the face of the papers, and not by referring them to the merits.”
Also see Duplain v. Wiltz, La.App., 174 So. 652; McGee v. Finley, La.App., 65 So.2d 384; Martino v. Fairburn, La.App., 71 So.2d 358; State ex rel. Boucher v. Heard, 228 La. 1078, 84 So.2d 827; Rome v. London & Lancashire Indemnity Co. of America, 181 La. 630, 160 So. 121, Trumbaturi v. Katz & Besthoff, Ltd., 180 La. 915, 158 So. 16, 17.
While we realize that relators could, after trial on the merits, appeal from the final judgment or answer an appeal, we feel that we are presented with a question which should be squarely answered, and believe, as did the Supreme Court of the State of Louisiana, that it is advisable and important to forthwith dispose of an exception of no cause of action on the face of the papers. The exceptor who insists that his exception of no cause of action either be sustained or overruled by the judge before the trial is legally entitled to such a ruling.
For the above reasons, the rule is made absolute and Honorable Jess Johnson, Judge *419 of Division C, Nineteenth Judicial District Court, in and for the Parish of East Baton Rouge, is hereby ordered to forthwith sustain or overrule on the face of the pleadings the exception of no cause of action filed by the Chrysler Corporation to the third-party petition filed by General Accident Fire and Life Assurance Corporation, Ltd.