SAVOY, Judge.
Plaintiff filed suit against the City of Pineville, Louisiana, on September 3, 1965, for false arrest, false imprisonment, false prosecution, libel and slander. Plaintiff alleged that on September 5, 1964, she was unlawfully and without probable cause arrested by police officers G. F. Noone and Fluey Rachal, employees of the City of Pineville, Louisiana, acting within the course and scope of their employment, and with the knowledge and consent of said City, was taken to the City Jail in Pineville, charged with disturbing the peace by the above named officers, and was locked in said jail.
The case was tried and submitted to the court on April 5, 1966, subject to the attorneys submitting written briefs to the court. On April 7, 1966, the City of Pine-ville filed an exception of no cause or right of action on the premise that the police officers were exercising a function which was governmental in its nature, and their conduct cannot render the municipality which employs them liable in damages ex delicto. On April 21, 1966, plaintiff, by ex-parte action, filed a supplemental and amended petition seeking to make G. F. Noone and Huey Rachal parties defendant in the instant suit. On April 28, 1966, Noone and Rachal filed a plea of one year liberative prescription as to the demands of plaintiff’s supplemental and amended petition. On the same date Noone and Rachal filed a rule to strike the supplemental and amended petition. The rule was heard by the trial judge, and without assigning written reasons, he ordered the supplemental and amended petition be stricken from the record. From this adverse judgment plaintiff has appealed to this Court.
Under the provisions of LSA-C.C.P. Article 1151, a plaintiff may amend his petition without leave of court any time before the answer thereto is filed. After the answer is filed, the plaintiff must obtain permission of court to so amend said petition. In the instant case, plaintiff obtained the permission of the judge to supplement said petition by order of court dated April 21, 1966.
A motion to strike is permitted under the provisions of LSA-C.C.P. Article 964, which provides as follows:
“The court on motion of a party or on its own motion may at any time and after a hearing order stricken from any plead *666 ing any insufficient demand or defense or any redundant, immaterial, impertinent, or scandalous matter. The motion of a party shall be filed within ten days after service of the pleading upon mover, except that a defendant may move to strike any matter from the petition at any time within fifteen days of the service.”
Under the above article the court may strike from any pleading any insufficient demand or defense, or any redundant, immaterial, impertinent, or scandalous matter. We find nothing in the supplemental and amended petition which would come under the provisions of LSA-C.C.P. Art. 964. Accordingly, we are of the opinion that the motion to strike granted by the trial judge was in error, and the same is overruled.
Since the case was tried on the merits, rather than remanding the same for further proceedings, we will decide all the remaining issues presented herein, namely, the exception of no right or cause of action filed by the City of Pineville, and the plea of prescription of one year filed by Noone and Rachal.
LSA-C.C.P. Article 927 provides, in part:
“The objections which may be raised through the peremptory exception include, but are not limited to, the following:
“ * * * (4) No cause of action; and
“(5) No right of action, or no interest in the plaintiff to institute the suit.”
“ * * * The nonjoinder of an indispensable party, or the failure to disclose a cause of action or a right or interest in the plaintiff to institute the suit, may be noticed by either the trial or appellate court of its own motion.”
Clearly, since the police officers, Noone and Rachal, were acting as agent for the City of Pineville in a governmental function, the City would not be liable in tort.
In Rome v. London and Lancashire Indemnity Company, 181 La. 630, 160 So. 121, the Supreme Court said:
“It is the well-settled jurisprudence of this state that the powers and obligations of municipal corporations are two-fold: (1) Those that are of a public nature, and (2) those that are of a private nature. Under the first classification, the City is exempt from liability for tort, and under the second classification, it is held to the same responsibility for its torts as an individual.”
For a full discussion of the subject matter see 11 Tul.L.Rev. 326, Municipal Corporations — Liability in Tort — Distinction Between Private and Public Activities.
The functions of the police officers being of a public nature, under the provisions of the above cited case, the City would not be responsible to plaintiff in tort. There is an exception to the rule, and that is where the immunity from suit against a municipality is waived by an act of the Legislature, thereby authorizing an individual to - sue. This is provided for by Act 621 of 1960, and Article 3, Section 35, Louisiana Constitution of 1921.
Since plaintiff did not secure legislative authority to sue the City, she has no cause or right of action against said City. Accordingly, the exception of no cause or right of action as to the City of Pineville is hereby maintained.
We will next discuss the plea of prescription filed by officers Noone and Rachal.
The supplemental and amended petition filed by plaintiff against the police officers was filed more than one year after the original suit. Since we have dismissed the suit against the City of Pineville, we are of the opinion that the plea of prescription of one year is valid. A plea of prescription may be filed either in the district court or in any appellate court *667 -of this State prior to final judgment, and the appellate court can maintain such a -plea if the record discloses, from documents filed in the lower court or from testimony -taken therein, that the plea is well founded. LSA-C.C. Article 3464; LSA-C.C.P. Article 2163; Merchants Adjustment Bureau v. Malta, (La.App., 2 Cir., 1958), 102 So.2d 781, and cases cited therein.
Counsel for plaintiff, in brief, maintains that the plea of prescription should be overruled for the reason that the City -of Pineville and the officers are liable to her in solido, and the filing of the original suit against the City had the effect of interrupting prescription as to the City and the officers named herein, citing as her authority Franks v. City of Alexandria, (La.App., 3 Cir., 1961), 128 So.2d 310. However, in the Franks case, supra, the plaintiff had obtained authority from the Legislature to sue the City of Alexandria, Louisiana, in tort. The court held that a supplemental and amended petition filed by plaintiff four years after the original •suit against certain officials of the City of Alexandria was not subject to the plea •of prescription of one year because if the individuals and the City were found liable to plaintiff, they would be bound in solido, and the filing of the original suit would interrupt prescription as to all parties. In the instant case, since we have held the exception of no right or cause of action to be a valid defense to the suit and have dismissed same, the supplemental and amended petition will likewise fall. We are of the opinion that the plea of prescription of one year in the instant case is valid.
For the reasons assigned, the demands of the plaintiff against the City of Pineville, Noone and Rachal, are rejected, and her ■suit is dismissed at her costs.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.