162 So. 580

RIVOIRE v. MASLING et al.

No. 33002.

June 19, 1935.

Dhu Thompson and M. C. Redmond, both of Monroe, for appellant.

McHenry, Lamkin & Lamkin and Henry D. Montgomery, all of Monroe, for appellees.

FOURNET, Justice.

The plaintiff, Sylvester J. Rivoire, filed suit against Frank Masling, Jones Selig, Travis Oliver, and J. T. Chappell, in solido, to recover $7,600 for damages alleged to have resulted from his wrongful and illegal dismissal by them as a member of the board of directors and as vice president of the Peoples Homestead & Savings Association.

The defendants filed exceptions of no cause or right of action which were sustained by the district court, and plaintiff has appealed.

"The exception of no cause or right of action must be disposed of on the face of the petition alone, and the allegations thereof must be accepted as true." Rome v. London & Lancashire Indemnity Co. of America, 181 La. 630, 160 So. 121, 122; Trumbaturi v. Katz & Besthoff, Ltd., 180 La. 915, 158 So. 16, 17.

The plaintiff alleged that he had been elected and had served as a member of the board of directors and as vice president of the Peoples Homestead & Savings Association for twenty-five consecutive years; that on April 1, 1932, he was re-elected for a period of one year, but six months prior to the expiration of his elective term of office, on November 1, 1932, pursuant to a prearranged plan and conspiracy between defendants, they illegally removed him from his office as a member of the board of directors, with the view of fraudulently depriving him of the benefits flowing therefrom, including a salary of $100 per month; and that as a result of his illegal removal, he suffered additional damages for embarrassment and mental suffering in the sum of $3,500, and damages to his credit and business, amounting to $3,500.

One of the allegations of plaintiff's petition is that he was ousted by the defendants by resolution, on the ground that he was not qualified under the provisions of section 37 of Act No. 140 of 1932.

Section 37 of Act No. 140 of 1932 reads as follows:

"No person shall be eligible as director of an association unless he is a shareholder, in his own right owning, or who has bona fide subscribed to, shares of said association of the par value of at least five hundred dollars. Every director who shall sell or hypothecate all shares owned

by him, or so much thereof that he shall cease to be the owner, or bona fide subscriber, in his own right, free from encumbrances, of the amount of such shares aforesaid, may be removed from the office of director; provided, however, that any executor, administrator, tutor or trustee, holding shares of an association of the value of at least one thousand dollars in his or her representative capacity, shall be eligible as director thereof."

Plaintiff alleged that at the time of his election as a member of the board of directors on April 1, 1932, he owned 130 shares of stock issued by the Peoples Homestead & Savings Association, which had been reduced to 86 shares since June, 1932, and were pledged to secure an outstanding loan with the association, but all payments thereunder had been promptly paid; that he was also the holder, as trustee, agent, and attorney in fact for Father C. Mahe and Mrs. E. Douroux, of 50½ and 18 shares, respectively, all to the knowledge of the defendants; and in paragraph 10 of his supplemental and amended petition he alleged that:

"* * * He was also the owner of unpledged shares of stock in his own name on November 1st, and prior thereto as well as thereafter respresented by certificate No. 14932, for 5 shares of the par value of Five Hundred and no/100 ($500.00) Dollars, to the knowledge of the defendants herein."

We think the allegations of paragraph 10 of plaintiff's supplemental and amended petition sufficiently set out his qualifications within the provisions of section 37 of the act.

But counsel for defendants contend that article 10, quoted hereinabove, does not comply with the requirements of section 37 in that he does not allege that the stock had been transferred on the books of the association and moreover, he failed to allege that he had taken the oath of office required by section 38 of the act, and in support thereof cited the cases of In re Argus Printing Co., 1 N. D. 434, 48 N. W. 347, 12 L. R. A. 781, 26 Am. St. Rep. 639, and also People v. Lihme, 269 Ill. 351, 109 N. E. 1051, Ann. Cas. 1916E, 959. We have carefully considered these cases and do not think they are applicable to the case at bar. The Legislature has definitely set out the qualifications for membership on the board of directors of a building and loan association in section 37 of Act No. 140 of 1932, but there is not included in said section or in any other part of the act the requirement that the stock must be transferred on the books of the association. We cannot assume that the Legislature intended additional requirements not set forth in the act, nor can we give effect to decisions from other jurisdictions in the face of the positive statutory law of our state.

We do not think that the defendants can complain because the plaintiff failed to allege that he had taken the oath prescribed by section 38 of the act, for the reason that the alleged cause of his removal was his inability to qualify in accordance with section 37 of the act, and, further, section 38 does not authorize the board of directors to suspend or remove a member for his failure to take the oath of office. The pertinent part of section 38 reads as follows:

"* * * *The State Bank Commissioner and Supervisor of Homestead and Building and Loan Associations shall be authorized to suspend any director who has failed to comply with the present requirement,* and no suspended director can be reinstated except for good cause shown, after taking the said oath as aforesaid. * * * *"* (Italics ours.)

It is our opinion that the petition sets forth a right or cause of action, and it is, therefore, ordered, adjudged, and decreed that the judgment of the district court be set aside; the defendants' exceptions are hereby overruled and the suit remanded to the district court for further proceedings according to law and not inconsistent with the views herein expressed; plaintiff to pay the costs of this appeal, all other costs to await final decision herein.

ROGERS and ODOM, JJ., dissent.