PONDER, Justice.
 

 In this suit the plaintiff seeks damages from four members of the board of directors, individually, for his illegal removal from the office of vice-president and member of the board of directors of a homestead association.
 

 It appears from the evidence that S. J. Riviore, a man of seventy-two years of age, was a charter member of the People’s Homestead and Saving Association when it was organized in 1904. The plaintiff has been a member of the board of directors of that association for more than twenty years and vice-president for more than ten years prior to the date of his removal. On April 18, 1932 he was re-elected as a member of the board of directors of the association and on April 20th was re-elected vice-president at a salary of $100 per month for a term of one year. Subsequent to his election and after he had served part of his term of office Act No. 140 of 1932 was passed. On November 1, 1932, at a meeting of the board of directors a resolution was passed declaring the plaintiff disqualified as vice-president and member of the board of directors and declared his place vacant. His removal from office was based under Act No. 140 of 1932 with reference to the amount of stock a director must own in his own right. The plaintiff instituted the present suit alleging he owned the necessary amount of stock required by Act No. 140 of 1932; that the defendants pursuant to a prearranged plan illegally removed him from the office of vice-president and member of the board of directors of the association and denied him access to their meetings ; that he sought in every way possible to have his rights recognized in the courts but owing to the slowness of the process the term for which he had been elected expired before he could have the matter determined ; that the defendants removed him in order to advance their own interest at the expense of the homestead association because he objected to the plaintiffs receiving a percentage for certain collections made by them; that by virtue of the fraudulent action of the defendants he was deprived of his legal rights flowing from the office, his salary as vice-president and his business reputation damaged causing him untold embarrassment wiht his friends, customers and the public in general; that due to the unlawful action of the defendants the impression was left with the public that the plaintiff’s business ability and integrity had failed; that he has been damaged by
 
 *285
 
 embarrassment, mental suffering and pain to the amount of $3500; that he has suffered a loss of business, damage to credit and business standing to the amount of $3500 and that he has lost six months salary as a member of the board of directors and vice-president of the association to an amount of $600, making a total in all of $7600. The defendants interposed an exception of no cause of action to the plaintiff’s petition which was sustained by the lower court. On appeal this Court reversed and set aside the judgment, overruled the exception and remanded the case to the lower court for further proceedings. Rivoire v. Masling et al., 182 La. 731, 162 So. 580. Among other contentions raised by the defendants in that case, the defendants contended that under the provisions of Section 37, Act No. 140 of 1932, it was; necessary for the required number of shares of stock to be actually transferred on the books of the association in their name for a member of the board of directors to qualify. This Court held that the Act did not require the transfer on the books but all that was required was that the member must own in his own right the required amount of stock.
 

 It appears in the instant case that at the meeting of the members of the board of directors on November 1, 1932 that without previous discussion the members of the board were asked to stand and take an oath to the effect that they owned in their own right the required amount of stock. The testimony is conflicting as to what the plaintiff stated at that time. The testimony on behalf of the plaintiff is to the effect that the attorney for the association stated that the law required that the stock must be transferred on the books of the association in the name of the person seeking to qualify. The plaintiff introduced testimony to the effect that he stated at that time that he owned in his own right the necessary amount of stock required by Act No. 140 of 1932 and that if they would give him thirty minutes he would go and get the stock and also an amount necessary ta qualify another member of the board who did not have a sufficient amount of stock to qualify, which he would through a power of attorney transfer to the other member of the board. The testimony of the defendants shows that the plaintiff stated at that time that he had in his possession stock owned by Father Mahe and another more than sufficient to qualify him and the other member of the board and that if they would give him thirty minutes he would get the stock and through a power of attorney that he had would transfer it to himself and the other member of the board. The testimony as a whole shows that the oath was presented to the members of the board to sign without any previous discussion and that the resolution removing the plaintiff was already prepared, presented without discussion and passed. The evidence shows that the oath and the resolution removing the plaintiff had been prepared prior to the meeting of the board of directors. The plaintiff on the day following his removal, November 2, 1932, had transferred on the books of the corporation the required amount of stock which he testified he had previously acquired from Father Mahe and held in his safe. After the plaintiff had
 
 *287
 
 the stock transferred in his name on the books of the corporation, he then sought to qualify. There is [evidence in the record to the effect that the plaintiff had previous to this meeting opposed the right of two of the defendants to receive commissions on collections made by them for the association and had opposed other policies advocated by the defendants in the association. The plaintiff’s undisputed testimony shows that he inquired of the attorney for the board who is also the attorney for the defendants, at a time prior to the meeting, as to what would be necessary to qualify under Act No. 140 of 1932. The attorney for the association did not give him this information but stated thát' he represented the bank and not the board of directors. It appears that this attorney also drew 'up the resolution disqualifying the plaintiff prior to the meeting of the board that removed the plaintiff. The testimony' as a whole shows that plaintiff is a man of excellent repute and high standing. The attorney for the defendants in argument before this Court admitted that the plaintiff was a fine man.
 

 Section 37 of Act No. 140 of 1932 reads:
 

 “No person shall be eligible as director of an association unless he is a shareholder, in his own right owning, or who has bona fide subscribed to, shares of said association of the par value of at least five hundred dollars. Every director who shall sell or hypothecate all shares owned by him, or so much thereof that he shall cease to be the owner, or bona fide subscriber, in his own right, free from encumbrances, of the amount of such shares aforesaid, may be removed from the office of director; provided, however, that any executor, administrator, tutor or trustee, holding shares of an association of the value of at least one thousand dollars in his or her representative capacity, shall be eligible as director thereof.”
 

 We find no authority in the Act that gives the board of directors the right to remove the plaintiff. It would appear that the State Bank Commissioner and Supervisor of Homestead and Building and Loan Association is one that this authority is vested in. There is no issue herein as to the authority of the stockholders. The plaintiff was removed during the term of his office, with undue haste, and without giving him an opportunity to comply with the requirements of the Act, passed during the term of his office, by members of a board without the authority to remove him. The manner in which he was removed, the fact that the resolution had been prepared prior to the meeting and the fact that the defendants acted in súch haste shows that his removal had been prearranged.
 

 The plaintiff has been damaged to the amount of the loss of his salary, $600. While it is difficult to determine the amount of the additional damages there is no question but what the plaintiff has been injured by his wrongful removal. He has at least been injured by embarrassment and. injury to his business in the sum of $400.
 

 For the reasons assigned the judgment of the lower court is reversed and set aside and it is ordered,' ádjudged and decreed that there be judgment in favor of the plaintiff Sylvester J. Riviore and against
 
 *289
 
 the defendants Jonas Selig, Frank Masling, Travis Oliver & J. T. Chapelle, in solido, in the full sum of $1,000. Defendants to pay all costs.
 

 ODOM, J., takes no part.
 

 ROGERS, J., absent.