ITTMAN ET AL. v. KRACKE & FLAN-
DERS COMPANY

———

(March 24, 1930. Opinion and Decree.)

———

Monroe & Lemann, Jas. Wilkinson and Walter J. Suthon, Jr., of New Orleans, attorneys for plaintiffs, appellees.

A. J. Peters, of New Orleans, attorney for defendant, appellant.

HIGGINS, J. This is a rule by a receiver against a mortgage creditor to recover certain taxes paid by the receiver on a piece of real estate upon which the mortgage creditor held a conventional mortgage. The defendant in rule denied liability, and alleges that the receiver should have paid the taxes from certain rents realized from the real estate. There was judgment making the rule absolute, and the defendant has appealed.

The record shows that the receiver was appointed on September 26, 1923. The receiver paid the state and city taxes for the year of 1923 on January 31, 1924, with subrogation, out of the general funds of the receivership by order of court, on certain real estate belonging to the company that was in the hands of the receiver. Defendant in rule held a mortgage for $24,000 on this property. In February, 1924, the receiver obtained an order for the sale of the mortgaged property on the terms of cash, the purchaser to assume the taxes of 1924. Defendant in rule, mortgage creditor, became the adjudicatee of the property for a price less than his conventional mortgage, and claimed the right to retain in his hands the amount of the purchase price, on the ground that he was a mortgage and preferred creditor. The receiver contended that the defendant in rule, as a mortgage creditor, should pay the taxes of 1923, to which the receiver was subrogated, and defendant in rule refused to do so. In appropriate proceedings the district court held that the mortgage creditor should pay these taxes to the receiver, and the judgment was affirmed by this court with a reservation. See A. C. Ittman et al. vs. Kracke & Flanders Co., 1 La. App. 761. The reservation in this decree of affirmance is stated by this court in the following language:

"Flanders alleges that the Receiver collected rents from the mortgaged property and that they should be applied to the payment of these taxes.

"There is no evidence of any rent having been collected by the Receiver from the mortgaged premises. The right of B. A. Flanders to establish the same and to claim them, if legally entitled to the same, will be reserved.

"It is therefore ordered that the judgment appealed from be affirmed, reserving the right of B. A. Flanders in a future proceeding to establish what rents were collected by the Receiver herein from the properties mortgaged to him, and to claim them if legally entitled to the same."

The receiver filed the present rule against the mortgage creditor to show cause why the taxes should not be paid, and the defendant in rule contends that the receiver collected sufficient rent from the real estate before the adjudication with which to pay these taxes for the year of 1923. The rule was tried upon admissions, where it appears that the amount of rent collected by the receiver before the adjudication was sufficient to pay the taxes, and that the state and city taxes became delinquent on January 26 and 28, 1924, respectively, and were paid on January 31, 1924, under an order of court by the receiver, with subrogation. It was also admitted that the receiver occupied a portion of the property in operating the company's business as a going concern.

Therefore the only question at issue in the present proceedings is whether the defendant in rule, as a mortgage creditor, had any right to require the receiver to pay the taxes from the rent collected from the mortgaged premises. To determine this issue, it is necessary to inquire if the mortgage creditor had any lien or privilege

upon the rents collected from the mortgaged premises.

In order to establish a lien and privilege upon the rental income from the mortgaged property, the defendant in rule must be able to invoke some pertinent and applicable codal or statutory provision creating such a lien or privilege.

"The property of the debtor is the common pledge of his creditors, and the proceeds of its sale must be distributed among them ratably, unless there exists among the creditors some lawful causes of preference." Article 3183, R. C. C.

"Lawful causes of preference are privilege and mortgages." Article 3184, R. C. C.

"Privilege can be claimed only for those debts to which it is expressly granted in this Code." Article 3185, R. C. C.

In the case of Young vs. Teutonia Bank & Trust Co., 134 La. 879, 64 So. 806, 810, the Supreme Court, said:

"There is in this state no such thing as an equitable lien on money, movables, or other property. With us a lien or privilege is stricti juris, and must be expressly created by law."

Defendant in rule cannot claim any lien or privilege upon the rents by virtue of his mortgage, since the mortgage operates only on the immovable. C. C. art. 3281. Rent derived from real estate is classified as movable property. Article 474, R. C. C. It appears that it is permissible for a creditor to acquire a lien upon the revenues of immovable property by procuring a right of antichresis from the debtor. C. C. art. 3176 et seq. The record does not show any such security contract in the present case. That is the only legal method by which the defendant in rule could have acquired the lien which he now asserts upon the rents.

But, says counsel for defendant in rule, as the receiver continued to occupy a certain portion of the real estate where he continued to operate the company's business as a going concern, and the state and city taxes for the year 1923 became delinquent on January 26 and 28, 1928, respectively, it was the obligation of the receiver to pay them, because going into the hands of the receiver did not absolve the company from liability to promptly pay its taxes. The fallacy of this contention lies in the fact that it assumes that there is personal liability upon the company, or its receiver, to pay the taxes. Under the provisions of Act 170 of 1898, the owner of real estate is not personally responsible for the payment of taxes. Section 33 of that act creates a lien and privilege in favor of the state only upon the immovable property upon which the tax is assessed. See, also, Succession of Finegan, 135 La. 475, 65 So. 614; Succession of Sussman, 168 La. 350, 122 So. 62.

Defendant in rule had the right to foreclose his mortgage at any time, in spite of the appointment of a receiver for the mortgage debtor. Act 25 of 1902; Carre Co. vs. International Car Co., 128 La. 664, 55 So. 9; Succession of Finegan, supra; Succession of Sussman, supra. By taking such action, the mortgage creditor could have acquired a lien upon the rental income of the mortgaged property from the date of its seizure by the sheriff in the foreclosure proceedings. C. C. art. 466; C. P. art. 656. The mortgage creditor did not foreclose the mortgage, and therefore has no lien or privilege upon the revenues of the mortgaged property.

As the mortgage creditor has failed to show that he is entitled to a lien and privilege upon the rentals of the mortgaged property, under any codal or statutory provision, his defense must fall, particularly in view of our familiar doctrine that all rights of preference are stricti juris.

For the reasons assigned, the judgment appealed from is affirmed.