## In re LIQUIDATION OF CANAL BANK & TRUST CO.*

### Intervention of BROOKHAVEN BANK & TRUST CO.
### No. 15050.

Court of Appeal of Louisiana. Orleans.
May 27, 1935.

Alvin R. Christovich and Wm. J. Kearney, Jr., both of New Orleans, for Brookhaven Bank & Trust Co.

Dufour, St. Paul, Levy & Miceli, of New Orleans, for Canal Bank & Trust Co.

WESTERFIELD, Judge.

Brookhaven Bank & Trust Company intervened in this proceeding for the purpose of being recognized as a privileged creditor in the sum of $1,220.11. There was judgment below in favor of intervener, as prayed for, and the defendant in intervention has appealed and in this court has filed an exception of no cause of action.

The allegations of the petition of intervener are to the effect that on February 27, 1933, the Canal Bank & Trust Company forwarded to the Brookhaven Bank & Trust Company for collection a number of checks drawn by depositors of the intervening bank on their respective accounts aggregating $1,877.10, and that, at the time and on the day that these checks were received from the Canal Bank, it charged its customers with the amounts of the checks drawn by them, and subsequently forwarded to the Canal Bank its check for the total amount, drawn against a deposit which the intervener bank had with the Canal Bank and at the time amounting to $8,241.66; that on March 2, 1933, the Canal Bank was operating on a restricted basis, which permitted withdrawals of only 5 per cent. of deposits, and that subsequently, following the liquidation proceedings, an additional 30 per cent. of deposits were made available, the remaining 65 per cent. of deposits being "frozen" and their payment dependent upon the progress and result of the liquidation of the bank; that the remittance of the intervener bank of $1,877.10 should have been charged as against the total of intervener's deposit of $8,241.66, before the division of 35 per cent. and 65 per cent. was made, whereas the defendant liquidators charged the whole amount as against the 35 per cent. of available deposits, with the result that the withdrawable funds to the credit of the plaintiff bank was less by the sum of $1,220.11, the amount sued for, than would have been the case if the check had been charged against the entire deposit before the division into available and "frozen" deposits had been made.

*Rehearing denied 162 So. 81.

In the lower court the main reliance of defendant was upon the contention that the intervener had failed to show that it suffered any loss whatever as a result of the transaction complained of, and in the brief in this court counsel has called our attention to the fact that there is no evidence in the record to prove that the intervener had on deposit with the defendant bank the sum of $8,241.66, as alleged in its petition, or any other sum.

■ The basis of the exception of no cause of action is the alleged absence of any codal provision or law of this state conferring a privilege under the facts alleged in plaintiff's petition. In considering the exception of no cause of action, the allegations of the petition, and not the proof in the record, must govern. Roy v. Mutual Rice Co. of La., 177 La. 883, 149 So. 508.

■ In Ittman et al. v. Kracke & Flanders Co., 12 La. App. 672, 127 So. 106, 107, this court said:

"In order to establish a lien and privilege * * * the defendant in rule must be able to invoke some pertinent and applicable codal or statutory provision creating such a lien or privilege."

And in Boylan's Detective Agency v. Arthur A. Brown & Co., 157 La. 325, 102 So. 417, 419, our Supreme Court said:

"No considerations of equity can enter into the determination of the right of privilege. If the law does not grant the privilege, the court is powerless to do so. The rule is too familiar to need citation of authority that privileges are never allowed, except when expressly granted, and only by virtue of compliance with the legal requisites essential to their creation and existence."

"The property of the debtor is the common pledge of his creditors. * * *" Article 3183, R. C. C.

"Privilege can be claimed only for those debts to which it is expressly granted in this Code." Article 3185, R. C. C.

In the very recent case of Liquidation of Canal Bank & Trust Co., Intervention of John F. Clark & Co., decided May 16, 1935, 160 So. 609, 616, the same court said:

"In this state it is well settled that privileges are granted only in pursuance of law and not from considerations of equity, and that the one who asserts a privilege has the burden of establishing it. Boylan's Detective Agency, etc., v. Arthur A. Brown & Co., 157 La. 325, 102 So. 417; See, also, Ittman et al. v. Kracke & Flanders Co., 12 La. App. 672, 127 So. 106; Dodd v. Horan (La. App.) 121 So. 323; article 3185, Civ. Code; Red River Construction Co. v. Pierce Pet. Corp., 165 La. 565, 115 So. 752."

The plaintiff does not invoke the provisions of any particular statute, and we know of none that would be helpful to it. Reliance is placed entirely upon equitable considerations. To quote from counsel's brief: "All that the Brookhaven Bank & Trust Company seeks in this litigation is to be recognized and placed in the same category as all other depositors who had funds on deposit in the Canal Bank & Trust Company when the division aforesaid was made." Our answer to this contention is that, if any discrimination has been practiced by the liquidators of the Canal Bank inimical to the interest of the interveners, relief cannot be had through the medium of a privilege upon the assets of the bank, for which there is no legal sanction.

For the reasons assigned the judgment appealed from is reversed, and it is now ordered that there be judgment herein dismissing the intervention of Brookhaven Bank & Trust Company at its cost.

Reversed.