McBRIDE, Judge.
This suit results from an intersectional automobile collision which happened on -the afternoon of January 31, 1952. Dr. George Sustendal, plaintiff, was driving toward downtown on Magnolia Street, and Henry Weber, defendant, was driving on Clio Street in the general direction of the lake. The automobiles collided at the intersection of the two streets and were extensively damaged.. Dr. Sustendal sued for $408.57, the cost .of the repairs to his car, alleging that, the accident was caused solely as the result of the negligence of defendant in the following particulars:
(a) In operating his automobile at an excessive speed;
(b) In not maintaining a proper lookout;
(c) In not respecting the right of way plaintiff-.had acquired by virtue of having pre-empted the intersection.
The defendant joined issue by filing an answer in which he admitted the occurrence of the accident, and then after denying generally any negligence on his part, he averred; that the sole cause of the accident was the-negligence of plaintiff in not according the right of way to him in that the two vehicles reached the intersection at approximately the same time and defendant preached from plaintiff’s right. Then assuming the position of plaintiff in recon-vention, defendant averred that Dr. Susten-dal was indebted unto him for the amount of $238.27, in that the accident was occasioned by plaintiff’s negligence, which consisted of the following: .
(a) In driving at an. excessive speed; , ...
(b) In failing to maintain a proper lookout;
(c) In driving in a negligent manner;
(d) In not looking for approaching traffic;
(e) In not keeping his automobile under control.
■ The case proceeded to trial on those issues, and at the conclusion of the trial ■the judge evidently thought both parties were at fault and dismissed both the main and the reconventional demands, although there had been no plea of contributory negligence filed by defendant.
Plaintiff has perfected this appeal from .the judgment and the defendant has made .answer to the appeal in which he attempts to plead the contributory negligence of plaintiff, or, in other words, to supply the special defense which he had neglected to make in the lower'court.
The only eyewitnesses to the accident were the two drivers and each sought to exculpate himself by blaming the other for the collision. A reading of the testimony leads to the sound conviction that defendant was grossly negligent at least for the reason that he entered the intersection without, concerning himself about traffic on Magnolia Street. As he alleged *10 .in the answer, the corner was “blind” as the building to his left obliterated his view in that direction, and he acknowledged that he entered the intersection without looking and never saw plaintiff’s car until his own automobile was but five feet away from plaintiff’s car. It is true that defendant had a technical right of way, but that did not mean that he could emerge into the intersection with impunity and entirely oblivious of plaintiff’s car, which had reached the intersection at the same time as did defendant’s car. Had defendant under that circumstance exercised even a minimum amount of prudence, the accident could never have happened.
Since our conclusion is that defendant has been shown to have been guilty of negligence, plaintiff is entitled to recover provided he is not to be held guilty of contributory negligence, which defense was not made below, but, as we have already said, is sought to be raised before us in the answer to the appeal.
It is now well settled that contributory negligence is one of those special defenses which must be pleaded in order to be considered and the defendant carries the burden of proving the allegations relied upon by him. The leading case so holding is Althans v. Toye Bros. Yellow Cab. Co., La.App., 191 So. 717, in which case many authorities are cited.
Where a defendant is adjudged guilty of negligence, plaintiff’s negligence then becomes immaterial in the absence of a plea of contributory negligence. Plaintiff is to recover notwithstanding defendant has filed a demand in reconvention. See Lobell, for Use and Benefit of Hardware Mut. Cas. Co. v. Neal, La.App., 48 So.2d 797; Folse v. Flynn, La.App., 200 So. 160.
Defendant’s counsel do not seriously dispute that such is the law, but they insist that the plea of contributory negligence has been set forth in the answer to the appeal and that the issue it raises is properly before this court and should be considered along with each and every other issue in the case. Counsel point out that they incorporated in the answer to the appeal an exception of no right or cause of action based on the theory that as certain testimony had been received by the trial court without having been objected to by plaintiff, that testimony enlarged the pleadings to the extent of showing the contributory negligence of plaintiff which results in the extinguishment of any right or cause of action which plaintiff may have had
It is elemental in the jurisprudence of this State that any evidence touching on issues not raised by the pleadings, when such evidence is admitted without obj ection, effectively enlarges the pleadings so as to include the testimony as a new issue in the case. But, it is also settled that if such evidence was admissible under any of the issues presented by the pleadings, then it may not be said to have the effect of injecting into the case any, new issues, and this for the reason that counsel could not have successfully objected to its reception at the time it was tendered. Sistrunk v. Audubon Park Natatorium, Inc., La.App., 164 So. 667; Choppin v. Dauphin, 112 La. 103 (128), 36 So. 287.
The evidence alluded to by counsel which they say tended to enlarge the pleadings and which they also say shows that the plaintiff was guilty of contributory negligence was clearly admissible under the issue raised by the defendant’s allegations in his answer. Defendant not only denied his own negligence but went a step further and affirmatively set forth with particularity what he termed negligence on the part of plaintiff, and all that can be said of the allegations is that they amount to a charge that plaintiff was guilty of primary negligence, and the question of such negligence therefore became an issue in the case. We do not believe that the testimony can be held to enlarge the pleadings and its only purpose in being adduced was to show that the accident was occasioned not as a result of the fault of defendant, but solely because of the primary negligence of plaintiff. In Althans v. Toye Bros. Yellow Cab Co., supra [191 So. 725], we said:
*11 “In the case at bar, we find that the evidence, relied upon by defendant as proof of contributory negligence, was clearly admissible under the issue tendered by the defendant’s answer. As we have above stated, the defendant, in addition to denying its negligence, filed an affirmative defense in which it set forth with particularity that the accident was caused solely as the result of plaintiff’s negligence. At the trial of the case, defendant produced many witnesses in support of its contention. Surely, it cannot be said that counsel for the plaintiff could have successfully resisted' the admission of this evidence. And, by the same token, the plaintiff had the right to submit testimony to disprove defendant’s theory of the case without subjecting himself to the penalty of having the issue broadened. All such evidence was received in response to the pleadings and did not have the effect of enlarging them so as to tender the defense of contributory negligence.”
See also Hecht v. Toye Bros. Yellow Cab. Co., La.App., 62 So.2d 520.
We do not believe that the exception, which we consider to be one of no cause of action, is one of those peremptory exceptions which our system of pleading contemplates may be filed in the case on appeal. We base this belief on the.fact that exceptions which might be filed in the appellate court are exceptions of law triable only on the face of the pleadings and whatever exhibits are attached thereto. The exceptor in this case relies not on the pleadings but on the evidence adduced upon trial of the merits of the case in the lower court as the prop or support for the exception, and, of course, we are not privileged to consider any of the evidence in disposing of the exception.
Peremptory exceptions founded on law which show that the plaintiff cannot maintain the action either because it is prescribed or because the cause of action has been extinguished may be filed at any stage of the proceedings. Code of Practice, arts. 345, 346 and 902.
The procedure applicable to and the effects of an exception of no cause of action were thoroughly discussed by this court in the case of Bartholomew v. Impastato, La.App., 12 So.2d 700, 702. Therein we said:
“ * * * An exception of no cause of action addresses itself to the sufficiency in law of the petition and exhibits attached thereto. It is triable on the face of the papers. See Trumbaturi v. Katz & Besthoff, 180 La. 915, 158 So. 16, Rome v. London & Lancashire Indemnity Co., 181 La. 630, 160 So. 121 and other cases, too numerous to mention. In determining whether the exception is well founded, the court does not consider the evidence submitted in support of the petition, except in cases where the exception is filed after evidence has been taken and the allegations of the petition have been enlarged by such evidence which has been received without objection. See Bell v. Globe Lumber Co., Ltd., 107 La. 725, 31 So. 994; McQueen v. Tremont Lumber Co., La.App., 151 So. 683 and Anderson v. Harvey & Jones, La.App., 154 So. 495. * * *”
It has also been said that a reviewing. court in considering an exception of no cause of action filed on appeal is to be governed by the allegations of the petition and not the proof which might be contained in the record. In re Liquidation of Canal Bank & Trust Co., La.App., 161 So. 629; Landreneau v. Perron, La.App., 174 So. 140. In Roy v. Mutual Rice Co. of Louisiana, 177 La. 883, 149 So. 508, 510, our Supreme Court said:
“We wish, at the outset, to make it very plain that, in considering the exception of no right or cause of action in this' case, the allegations of well-pleaded facts as set forth in plaintiff’s petition must be taken as true,, for the purpose of disposing of this exception, and not the facts found by the Court of Appeal, First Circuit, in passing upon the merits of the case" (Italics by the court.)
*12 The- defense of contributory negligence being an affirmative one should be specially ■ pleaded; however,-in certain instances it may be pleaded by the exception of no cause of action but only when it may be deduced from the facts as alleged in the petition that plaintiff is guilty of such negligence. ' 'In other words, the éxception can be sustained only when it appears certain from his own allegations that the plaintiff was guilty of negligence contributing to the happening. And we must say here that we fail to find anything appearing in plaintiff’s allegations of' fact which even remotely suggests or infers he was guilty of any act of contributory negligence.
It was said by the Supreme Court in Dodge .v. Bituminous Casualty Corp., 214 La. 1031, 39 So.2d 720, 721
“As a general rule, contributory negligence being a special defense cannot be pleaded on an exception of no cause of action, since negligence is a question of fact which must be' determined by a trial on the merits. There is, however, an exception to this gen'eral rule. For example, if the inference can. be drawn from the facts alleged by the plaintiff showing him to have been guilty of contributory negligence, this negligence can be determined as a matter of law by the judge. McMahon, Exception of No cause of Action in Louisiana, 9 T.L.R. 17, 22 (1934). The first clear rule on this .subject was formulated in Gibbs v. Illinois Central R. Co., 169 La. 450, 125 So. 445. In that case the court held that an exception of no cause of action based' on plaintiff’s contributory negligence should not be maintained unless the facts alleged by the plaintiff show affirmatively that he was guilty of negligence and that such negligence was the proximate cause of the accident. * * *”
In West v. Ray, 210 La. 25, 26 So.2d 221, 224, the Court observed:
. "We conclude therefore that an affirmative defense, presented through exceptions or motions tried or triable only- on. the face of the petition, should not be sustained -unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the- defense is based.”
In addition to all that may have been said above, we express the gravest doubt that contributory negligence may ever be pleaded either by way of the exception of no cause of action or otherwise for the first time on the appeal of the case. The language used by the court in Causey v. Opelousas-St. Landry Securities Co., Inc., 192 La. 677, 188 So. 739, 742, seems to have application in the instant case:
“Neither Article,34,6-nor Article 902 -of the Code of Practice, permitting the filing in this Court of any exception that may be filed at any period of the .case when proof of -the exception appears by the mere examining of the record, authorizes the filing, for the first time, in this Court, oí a plea of unconstitutionality. That plea, whether it be urged by exception or by answer, is in the nature of a. special defense and must be specially ple.aded.”
There is no dispute regarding the amount of the damages sustained by plaintiff’s automobile. -■ ■ ■
■ For the reasons assigned, that part of the judgment which dismisses plaintiff's demand at his cost is annulled and reversed, and it is now ordered that the judgment be amended so as to provide that plaintiff ’have judgment' against the defendant fo>r . the. full sum of $408.57, with legal interest from judicial demand until paid, and as thus amended and in all other respects the judgment is affirmed. , .
The defendant is to pay all costs of both .courts. ■
Reversed in part; amended and affirmed - in part.