McBRIDE, Judge.
On the afternoon of October 17, 1954, Miss Carol A. Falcon, who is a school teacher, attempted to drive her 1953 Ford automobile into Highway 30 at a point near Waggaman, Jefferson Parish, from her private driveway. Miss Falcon’s intention was to turn left on the highway in order to proceed in a northerly direction. When her automobile had almost completely crossed the median stripe in the highway, but before she was able to negotiate the turn to the left, it was run into by a 1947 Plymouth coupe owned by Camille Folse, but driven by Louis Falgout, a young man in his teens, in a southerly direction. The left front part of the Folse car struck the left rear portion of Miss Falcon’s car, and Folse has sued Miss Falcon’s liability insurer for $160.25 for the cost of making the repairs to his car necessitated by the accident. The petition alleges that the collision resulted from the fact that Miss Falcon negligently entered the highway directly in the path of an oncoming vehicle without having kept a proper lookout. The answer, after denying that there was negligence on Miss Falcon’s part, charges that the accident solely resulted from the negligence of Falgout, and, in the alternative, he is charged with contributory negligence.
The lower court gave plaintiff a judgment for the amount for which he prayed and defendant has appealed therefrom.
The defendant filed in this court an exception of no cause of action, but as the exceptor relies upon certain evidence adduced upon the trial as support for the exception we, of course, cannot consider it. Our system of pleading contemplates that *350 certain peremptory exceptions of law triable on the face of the pleadings may be interposed at any stage of the case, but the exception before us is not one of these. See Sustendal v. Weber, La.App., 76 So.2d 8.
Now turning our attention to the merits of the case, we find that young Fal-gout testified that he was driving plaintiff’s car along the highway at a speed of 45 miles per hour notwithstanding that the posted speed limit in the vicinity was 30 miles per hour. He states that he saw the Falcon car come out of the private driveway and make a stop at the edge of the highway; that he blew his horn and continued onward and that when his automobile was about 60 feet before reaching the driveway, the other car came into the highway directly in his path and that although he applied his brakes, he could not avoid a collision.
Miss Falcon states that she stopped at the edge of the roadway, and she maintains that she only entered the highway after she had looked to the left and then to the right and saw no vehicles approaching from either direction on the highway. She states that to her left there was a curve in the road which is located 235 feet from her driveway and that there were no cars between her car and the curve when she made the observation to the left. She claims that when she had satisfied herself that there was no oncoming traffic, she proceeded forward slowly and just as she emerged into the highway she saw plaintiff’s car, which meanwhile had rounded the curve, coming toward her at a highly excessive rate of speed. The import of her testimony is that when she saw the oncoming Folse car she gave no thought to stopping in the highway in its path as to do so would be inviting disaster, so she attempted to proceed forward to the other lane to get to a place of safety. According to Miss Falcon the impact occurred as her car had almost completely crossed the first lane in the highway and that it was struck by the Folse car which came along straddling the stripe in the middle of the road.
The drivers of the respective automobiles were the only eyewitnesses who appeared in court and testified, and at the conclusion of the trial the judge below was of the opinion that Miss Falcon had been negligent in driving her car onto the highway without making sure that it was safe for her to do so and he proceeded to render the judgment in plaintiff’s favor.
If there were no other evidence in the record except the testimony of the two drivers, our inclination would be to affirm the judgment on the theory that as only a question of fact is involved, there is no manifest error in the conclusion of the trial judge who saw and heard the witnesses testify.
But certain other facts appear from the record which cannot be explained away and these convince us beyond any reasonable doubt that our brother below erred in his conclusion as to the negligence of Miss Falcon. She and another witness appearing on her behalf testified that plaintiff’s car left certain skid marks on the highway and that these, by actual measurement, extended uninterruptedly for a distance of 190 feet in all. They commenced at a distance of 130 feet away from the point of impact and ended 60 feet past that point. The pattern of the skid marks on the pavement followed the course taken by the plaintiff’s car and they came to an end at a ditch alongside the highway into which plaintiff’s car ran before crashing into1 a fence. There is not a word of testimony from anyone denying that such skid marks were on the roadway or that they had been made by the car Fal-gout was driving. All of this has the effect of working a complete destruction of Fal-gout’s story that he was driving at the rate of 45 miles an hour and that he was but 60 feet away from the Falcon automobile when it entered Highway 30.
The fact that there were such skid marks in the roadway following the accident leijds full support to Miss Falcon’s assertion that in the brief period of time it took her to look to the left and then to the right and then to start forward onto the highway, that Falgout was driving at such a fast rate of speed that his car negotiated the curve and was bearing down on her just as her car had gotten partly into the roadway. Miss *351 Falcon could not say exactly at what rate of speed Falgout was traveling and we have no reliable information or knowledge as to that fact, but we do believe that the speed of the car must have been “terrific” as counsel for defendant contend. We do not know what reaction time elapsed and what distance Falgout’s car traveled before its brakes were applied, but of a certainty it was much more than 130 feet away from the private driveway when Falgout saw the Falcon car and made application of the brakes, and no one would be so gullible as to believe that his speed was only 45 miles per hour in view of the obvious fact that he was unsuccessful in stopping his vehicle even within a distance of 190 feet.
Counsel for plaintiff point up certain fragments of Miss Falcon’s testimony and argue that she negligently endeavored to “beat” plaintiff’s car by crossing the highway ahead of it and that the blame for the accident must be placed squarely on her shoulders. Miss Falcon did use the word “beat,” but considering her testimony as a whole she did not use the quoted word in the sense attributed to it by counsel. What Miss Falcon meant to convey was that she could not stop for fear of her car being struck and that she thought it proper to proceed forward so as to “beat” Falgout’s car in order to get out of its way.
In passing we might mention a circumstance which to our minds appears suspicious, and that is that although Folse’s young daughter (who has since become the wife of Falgout) and another young girl were riding as Falgout’s passengers, they were not produced as witnesses in the case. Falgout when asked if there was any reason why his wife did not appear responded: “Not exactly. * * * I guess she could have come if she wanted to. If I had asked her to but I just came by myself and that is it.”
Fortunately no one sustained personal injuries in the accident, and we think that this resulted from the fact that the collision occurred near the end of the skid and after much of the momentum of Falgout’s car had 'been spent.
. We are unable to perceive any negligence on the part of defendant’s insured.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered that defendant have judgment dismissing plaintiff’s suit at his cost. The ap-pellee is condemned to pay the costs of appeal.
Reversed.