CHASEZ, Judge.
This is an action to quiet title to certain-real estate acquired by the plaintiff, Cylton R. Ducote, Jr., from the State of Louisiana by a tax sale for unpaid taxes of 1951 due the State.
*350 This case was before another panel of this court previously on appeal by the plaintiff from a judgment by the trial court sustaining an exception of no cause or right of action. (Ducote v. City of New Orleans, La.App., 176 So.2d 198). The judgment of the trial court was reversed, and the case remanded for trial. After hearing the evidence, the petitioner’s prayer was granted by the lower court. The case is now before us on appeal on the merits.
We have examined the record, and find that no substantial new issues have been raised at the trial. The evidence is in conformity with the allegations of the plaintiff’s petition, and these allegations having been taken as true for purposes of rendering a judgment concerning an exception of no cause or right of action by this court previously, we adopt the following of the facts and the law from this court’s previous opinion and make it our own:,
“The property involved consists of four unimproved lots in that part of the City of New Orleans known as Country Club Estates. The City of New Orleans acquired the property by an act of exchange from Charles I. Vincent, the then record owner, on September 10, 1951. On September 26, 1952, a year after the city’s acquisition, plaintiff purchased the property for unpaid 1951 State taxes assessed in the name of Vincent. The assessment rolls of the Parish of Orleans for the year 1951 were filed and recorded in the Mortgage Office of that Parish before June 15, 1951. There has been no redemption of the tax sale and this suit was filed on May 22, 1962.”
* * # * * *
“Plaintiff’s second contention, that the tax sale is valid because the assessment had been made and the taxes were due and exigible before the property was acquired by the city, is correct and, we believe, determinative of the issues before us.
“Public property is, of course, exempt from taxation. LSA-Const.1921 Art. 10, § 4. And the general rule in Louisiana is that the assessment of public land is a nullity, making its subsequent sale for taxes also a nullity. City of New Orleans v. Oranbee [Co.], 170 La. 8, 127 So. 347; Puritan Co. v. Clarkson, 145 La. 1099, 83 So. 315; Cordill v. Quaker Realty Co., 130 La. 933, 58 So. 819; Richard v. Perrodin, 116 La. 440, 40 So. 789; Boagni’s Heirs v. Thornton, La.App., 132 So.2d 494.
“Blowever, in each of these cited cases the property involved was acquired by the sovereign before the assessments were made, while in the instant case the assessment was made and the tax rolls filed in the mortgage office before June 15, 1951, three months prior to the city’s acquisition. Accordingly, here the taxes had become due under LSA-R.S. 47:2101, which provides inter alia:
‘ * * * the taxes assessed in each year shall be due in that calendar year as soon as the tax roll is filed in the office of the recorder of mortgages, and they shall be paid on or before the thirty-first day of December in each respective year, * * * ’
“Further, in the instant case the property was encumbered by the tax lien from the time of the filing of the tax rolls in the office of the Recorder of Mortgages before June 15, 1961, according to LSA-R.S. 47:1993, which provides inter alia:
‘From the day the roll is filed in the recorder’s office it shall act as a lien upon each specific piece of real estate thereon assessed, which shall be subject to a legal mortgage after the thirty-first day of December of the current year for the payment of the tax due on it, * * *.’
“If the property in question had been acquired by the city before the tax lien attached, it would not have become liable for taxes and could not have been the *351 subject of a valid sale under Gachet v. City of New Orleans, 52 La.Ann. 813, 27 So. 348. In the Gachet case the city bought the property on July 8, 1885. According to the statutes then in force, the assessment was not to be completed until July 21, 1885 and the rolls were not to be filed in the office of the Recorder of Mortgages until September 1, 1885, at which time the real estate thus assessed was to be subject to a lien for taxes. See §§ 32 and 34, Act 96 of 1882; § 8, Act 107 of 1884. The holding of the Gachet case has been interpreted narrowly to stand for the proposition that sale of public property for taxes is null when the assessment is not in a matured state at the time the property is acquired by the public body and not for the proposition that public acquisition of private property extinguishes or renders unenforceable a preexisting lien. Prytania St. Market Co. v. City of New Orleans, 110 La. 835, 34 So. 797; see 158 A.L.R. 564, n. 4.
“Admittedly, there is dicta in the Gashet case to the effect that even if the assessment had been in a matured state, the sale would have been null. Because ‘the city stands for the state’ the court reasoned that the tax in favor of the state upon city property must be extinguished, applying LSA-C.C. Art. 2217 which provides:
‘When the qualities of debtor and creditor are united in the same person, there arises a confusion of right, which extinguishes the obligation.’
“We cannot hold that the tax lien in the instant case was extinguished as a result of a commingling of the qualities of debtor and creditor. Here there can be no commingling, and therefore no extinguishment by confusion, for the reason that a tax on immovable property is not a personal obligation of the owner of that property, but an obligation of the land itself. Louisiana Oil Refining Co. v. Louisiana State Tax Com’n., 167 La. 605, 120 So. 23; Barthold v. Dover, La.App., 153 So. 49; Ittman v. Krache & Flanders Co., 12 La.App. 672, 127 So. 106.
“Moreover, in Prytania St. Market Co. v. City of New Orleans, supra, when a private owner asserted that taxes were not due on property because it was acquired by the city during the taxable year, the-court held that, because the assessment had been completed and the rolls filed in. the mortgage office, the tax lien had already attached and could not be affected by the subsequent acquisition by the city. Gachet was distinguished solely on the basis of the fact that in Gachet the assessment had not been completed prior to. the city’s acquisition.
“Real estate taxes being on a calendar year basis, the theory that acquisition in full ownership of private property by a public body during a taxable year does not erase a prior tax indebtedness for that year appears to underlie a statute which went into effect in 1954, after the •facts in the instant case arose. LSA-R.S. 47:2112 authorizes and directs all Louisiana tax collectors to accept payment of pro rata taxes on property purchased in full ownership by the state or any of its legal subdivisions for the period of time for which the liability for taxes has been due by the former private owner or owners, regardless of whether the tax rolls have been filed.
“We hold that a tax lien had already attached to the land in the instant case and that because this lien was a debt of the land itself it could not have been extinguished by confusion. As there is no statutory or jurisprudential authority in this state which would prevent the enforcement of this lien, it follows that the state had a legal right to enforce its lien by the sale of the property once the taxes became delinquent. Because a sale under these circumstances is valid, we need not consider the applicability of the five year peremption period provided by LSA— Const. 1921 Art. 10, § 11.”
*352 The above, we believe, covers all issues germane to a determination of this case and accordingly the judgment of the lower court is affirmed.
Affirmed.